IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.K. PHOENIX, LLC, | No. CIV 2:12-cv-1706-KJM-JFM (PS) |
| Plaintiff, | |
| vs. | |
| FARIAL SHOKOOR, *et al.*, | ORDER AND |
| Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | |

Plaintiff U.K. Phoenix, LLC commenced an unlawful detainer action in San Joaquin County Superior Court on April 25, 2012 concerning real property located at 2396 Berryessa Court, Manteca, California ("the subject property"). Notice of Removal ("NOR") at 1; Attach. Defendants removed this action on June 27, 2012, purportedly on the basis of federal question jurisdiction. Pending before the court is plaintiff's motion to remand. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230.

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)

1

(internal quotation marks omitted)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The propriety of removal requires the consideration of whether the district court has original jurisdiction of the action; i.e., whether the case could have originally been filed in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If the case is within the original jurisdiction of the district court, removal is proper so long as the defendant complied with the procedural requirements set forth in 28 U.S.C. § 1446. If the case is not within the original jurisdiction of the district court, removal is improper. The absence of subject matter jurisdiction is not waivable by the parties. See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951).

With the Notice of Removal, defendants provides a copy of the complaint filed in San Joaquin County Superior Court. The complaint contains a single claim for unlawful detainer. In defendants' removal notice, it is asserted that the court has jurisdiction pursuant to the Protecting Tenants at Foreclosure Act of 2009 ("PFTA"), 12 U.S.C. § 5220. The PFTA provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90–day notice to vacate be given to bona fide tenants. See SD Coastline LP v. Buck, 2010 WL 4809661, at *1 (S.D. Cal. Nov.19, 2010) (unpublished). Not only is the PFTA inapposite, as defendant Farial Shokoor admits to being the former owner of the subject property, see NOR at 1, but plaintiff's complaint for unlawful detainer does not state claims under any federal law. Rather, defendants appear to assert the PFTA is at issue by virtue of defendants' defense to the action.[1]

---

[1] Additionally, federal district courts have concluded that the PFTA does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct.1, 2010); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010).

1   Removal, however, cannot be based on a defense, counterclaim, cross-claim, or
2 third-party claim raising a federal question, whether filed in state or federal court.  See Vaden v.
3 Discover Bank, 556 U.S. 49 (2009); Hunter, 582 F.3d at 1042-43; Metro Ford Truck Sales, Inc.
4 v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011
5 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL
6 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint indicates that the only cause of action
7 is one for unlawful detainer, which arises under state law and not under federal law.  Thus, this
8 action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.
9   Accordingly, IT IS HEREBY ORDERED that the hearing scheduled for July 26,
10 2012 is vacated; and
11   IT IS HEREBY RECOMMENDED that:
12   1.  Plaintiff's motion to remand be granted; and
13   2.  This action be remanded to the San Joaquin County Superior Court.
14   These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
16 days after being served with these findings and recommendations, defendant may file written
17 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
18 Findings and Recommendations."  Any response to the objections shall be filed and served
19 within fourteen days after service of the objections.  Defendant is advised that failure to file
20 objections within the specified time may waive the right to appeal the District Court's order.
21 DATED: July 12, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;ukph1706.remand